# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

Samiento                                                       Civil Action No. 16-1424

versus                                                         Judge Rebecca F. Doherty

Ramos, et al                                      Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is Respondents' Motion To Dismiss Petitioner's Writ of Habeas Corpus pursuant to Federal Rule 12(b)(1) for Lack of Jurisdiction.[1] [Rec. Doc. 20]. Pursuant to the Notice of Nonopposition to Dismissal filed on behalf of the petitioner [Rec. Doc. 22], as well as for the reasons set forth below, the undersigned recommends that Respondents' Motion To Dismiss be granted.

On October 16, 2016, Daniel Acosta Sarmiento filed a Petition for Writ of Habeas Corpus under 28 U.S.C. 2241. In the petition, Sarmiento contended he was being held in Pine Prairie Correctional Center in Pine Prairie, Louisiana on an immigration charge and challenged his detention. [Rec. Doc. 1] On June 16, 2017, Sarmiento was removed from the United States to Honduras "pursuant to an order of deportation." [Rec. Doc. 20-2, pp. 2-4]

---

[1] The Motion to Dismiss was filed by the U.S. Attorney's Office on behalf of defendants.

Because Mr. Sarmiento is no longer in immigration custody, his request to be released from detention is now moot. Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "cases" or "controversies." U.S. Const. art. III, § 2. "Under [the doctrine of mootness], although a justiciable controversy may have existed at the time the litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation." *See Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998).

Based on the foregoing, the undersigned recommends that the Motion To Dismiss Pursuant To Federal Rule 12(b)(1) filed by the Government [Rec. Doc. 20], be GRANTED, Petitioner's Writ of Habeas Corpus be dismissed without prejudice as moot and that this proceeding be terminated.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed in Lafayette, Louisiana this 18th day of August, 2017.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE